UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADAM THOMAS SHIDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17cv112-PPS |
| | ) |
| NANCY BERRYHILL, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is a Motion to Dismiss for Failure to Timely File Civil Action [DE 13] filed by the defendant Social Security Commissioner.[1] For the reasons that follow, I will deny the Commissioner's motion.

**Background**

On July 7, 2015, an Administrative Law Judge issued a decision denying Adam Shidler's claims for benefits under titles II and XVI of the Social Security Act. Shidler requested review of the ALJ's decision from the Appeals Council, which denied his request on October 28, 2016. The Appeals Council also notified Shidler that he had the right to commence a civil action within 60 days from the date of the receipt of the

---

[1]The Commissioner filed the motion to dismiss on June 20, 2017. The Court apologizes for the delay in deciding this motion and will be prompt in rendering a decision on the merits of Shidler's appeal.

1

notice. [DE 14-1 at 3.]

After receiving the Appeals Council's October 28, 2016 denial of his request for review, Shidler had 65 days – 60 days plus 5 days to allow for mailing of the notice, *see* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c) – to commence a civil action, making the deadline January 3, 2017 (after accounting for the federal holiday). Before this deadline, on December 19, 2016, Shidler filed a request with the Appeals Council for an extension to file a civil action. He didn't hear back from the Appeals Council. On February 3, 2017, he filed this civil action. Some two and a half months later, on April 27, 2017, the Appeals Council denied Shidler's request for an extension. [*Id.*]

## Discussion

In ruling on a 12(b)(6) motion to dismiss, the Court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party. *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir.2009). To survive a Rule 12(b)(6) motion, the plaintiff's complaint must plead facts that suggest a right to relief that is beyond the "speculative level." *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 560–63 (2007)). A mere formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 555. Rather, the complaint must contain enough facts to state a claim to relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir.2009) (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

2

is liable for the misconduct alleged." *Bissessur*, 581 F.3d at 602.

The Social Security Act provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The 60-day requirement is not jurisdictional but constitutes a period of limitations that may be tolled by the Commissioner or the Court if "fairness demands." *Bowen v. City of New York*, 476 U.S. 467, 479-81 (1986); *Chamberlain v. Colvin*, 2016 WL 2609578, at **1-2 (N.D. Ind. May 5, 2016) (citing *Bowen*, 476 U.S. at 478, and *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990)).

Under the doctrine of equitable tolling, a person's failure to file a civil complaint within the time specified may be excused if the plaintiff can show that he was pursuing his rights diligently and that some kind of extraordinary circumstances prevented the timely filing. *Chamberlain*, 2016 WL 2609578, at *2 (citing *United States v. Wong*, 135 S.Ct. 1625, 1632-33, 1637 (2015)).

Shidler has pointed to a number of cases in which district courts found that the limitations period should be equitably tolled where the applicant had sought an extension of time from the Appeals Council, but the Appeals Council did not respond to the request. In *Sanchez v. Barnhart*, the district court, assuming that the plaintiff had filed a request for an extension with the Appeals Council, found that the Appeals Council's failure to respond in a timely fashion to plaintiff's request could provide an

3

equitable reason to toll the limitations period. Therefore, the district court denied the motion. 2004 WL 1005589, at *2 (W.D. Wisc. May 4, 2004).

Likewise, in *Baker v. Commissioner of Social Security*, the district court found, based on the plaintiff's allegations and affidavit evidence, that the plaintiff had requested an extension of time from the Social Security Administration, which supported her contention that she had diligently pursued her rights. The district court also found that there was no substantial prejudice to the Commissioner where the plaintiff's complaint was filed within 30 days of the deadline. Accordingly, the court denied the motion to dismiss. 2011 WL 1598632, at **3-4 (E.D. Mich. Apr. 28, 2011). Several other cases support this conclusion. *See, e.g.*, *Rivera-Gonzalez v. Astrue*, 2011 WL 2434071 (M.D. Fla. June 16, 2011); *Aschettino v. Sullivan*, 724 F. Supp. 1116 (W.D.N.Y. 1989).

In this case, the Commissioner has provided an affidavit from Nancy Chung, Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations at the Social Security Administration. [DE 14-1.] In this affidavit, Chung acknowledges that Shidler filed a request for an extension of time to file a civil action on December 19, 2016 [*id.* at 3], within 60 days of the Appeals Council's decision denying review of the ALJ's decision. The affidavit further states that the Appeals Council did not deny this extension request until April 27, 2017 [*id.*] – more than four months after Shidler made his request and well after Shidler had already filed this action in federal court.

Based on the timeline of Shidler's request for an extension, I find that equitable

tolling is appropriate in this case. Shidler was diligently pursuing his rights to file an appeal by timely requesting from the Appeals Council an extension for filing a civil action. The Appeals Council waited four months to respond, and only did so after he had already filed this case. Thus, the lengthy delay favors finding extraordinary circumstances prevented his timely filing. Finally, the Commissioner will not be substantially prejudiced because Shidler filed this action only 30 days after the initial deadline for filing a civil action.

**ACCORDINGLY:**

Defendant Commissioner of Social Security Administration's Motion to Dismiss for Failure to Timely File Civil Action [DE 13] is DENIED.

The Commissioner is DIRECTED to file the administrative transcript in this case on or before May 28, 2018.

**SO ORDERED.**

ENTERED: March 29, 2018

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT